IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRIDGET BROWN PARSON, | § | Case No. 18-41511 |
| | § | (Chapter 13) |
| Debtor. | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**DEBTOR'S MOTION TO RECUSE [Docket Nos. 193 and 199]**

This case is before the Court on a motion by Bridget Brown Parson (the "**Debtor**") seeking to recuse the undersigned bankruptcy judge filed on March 29, 2019 [Docket No. 193] and another motion to recuse filed on April 5, 2019 [Docket No. 199] (collectively, the "**Motion to Recuse**"). The Court's docket reflects that these are the seventh and eighth motions by the Debtor seeking recusal. The Court entered memorandum opinions and orders on February 14, 2019 [Docket No. 87] and March 26, 2019 [Docket No. 185] denying several prior recusal motions.[1] In her present Motion to Recuse, the Debtor raises a litany of complaints, which this Court previously addressed, and once again argues that I should be immediately recused from presiding over her bankruptcy case based on my "misconduct."

The Court explained the background of this case in its prior memorandum opinions denying the Debtor's prior recusal motions, and the Court will not repeat it here. In summary, the underlying disputes in this bankruptcy case are (1) how much the Debtor owes with respect to her two homes and (2) whether she has defaulted in her post-petition payment obligations in this bankruptcy case to the mortgage holders. The Court's memorandum opinion and order overruling

---

[1] Although the Court struck several of the Debtor's other motions for recusal based on her failure to comply with the Local Bankruptcy Rules, the Court's orders nonetheless addressed her arguments [Docket Nos. 153 and 202]. The Debtor's present Motion to Recuse shows no sign that she has read any of this Court's prior opinions and orders.

**MEMORANDUM OPINION AND ORDER**                                                                  1

the Debtor's objections to the mortgage holders' claims, which the Court entered on April 9, 2019 [Docket No. 212], offers further details.

The Court will add that it conducted a hearing on a motion for relief from the automatic stay on April 3, 2019. The motion was filed by one of the Debtor's mortgage holders with respect to one of the Debtor's two homes. After the Debtor filed an objection, the Court scheduled the matter for an evidentiary hearing and sent notice of that hearing to the Debtor at her home address through the auspices of the Bankruptcy Noticing Center. The Debtor appeared, *pro se*, at the hearing, and requested a continuance because, among other things, she claimed she had not received the notice of hearing. After the Court denied her motion, the Debtor chose to leave the hearing despite the Court's warning that it would be in her interest to stay. The Debtor did not leave quietly or respectfully; rather, she shouted objections and complaints as she stormed out of the courtroom.

The Court will also add that the Debtor's conduct has been contumacious since she began filing pleadings on her own behalf, prompting the withdrawal of her bankruptcy attorney.[2] For example, she has repeatedly disrupted hearings by interrupting the Court and opposing counsel. She has repeatedly ignored the Court's admonishments to stop interrupting and speaking out-of-turn. She has objected to attempts to hand her copies of exhibits as well as witness and exhibit lists. She has objected to the handing of exhibit binders to the Court. She has objected to telephonic appearances, claiming not to understand the source of the voice "hollering" over the

---

[2] Indeed, other courts have reported similar conduct by this Debtor. *See, e.g., Parson v. Select Portfolio Servicing*, No. 3:18-CV-774-K-BK, 2019 WL 1330473, at *2 (N.D. Tex. Jan. 10, 2019), *report and recommendation adopted sub nom. Parson v. Hale*, No. 3:18-CV-0774-K, 2019 WL 1331652 (N.D. Tex. Feb. 5, 2019) (finding "that there is a clear record of delay or contumacious conduct by Plaintiff"); *Parson v. Wilmer Hutchins Indep. Sch. Dist.*, No. CIV.A. 3:03-CV-0492B, 2005 WL 396292, at *5 (N.D. Tex. Feb. 17, 2005), *aff'd*, 145 F. App'x 944 (5th Cir. 2005) (dismissing all claims with prejudice "[b]ecause of Plaintiff's deliberate disobedience of this Court's orders, continued filing of frivolous motions, refusal to be deposed, and this Court's determination that there are no sanctions short of dismissal that would cause Plaintiff to alter her behavior").

**MEMORANDUM OPINION AND ORDER** 2

courtroom speaker. She has ignored the Court's rulings by repeatedly raising objections that the Court has already overruled. She has rolled her eyes during this Court's rulings and held up her hands as if to wave off the Court's words. In summary, the Debtor's behavior during hearings has been openly disrespectful to the Court and the legal process.

The Debtor's behavior in her pleadings is no better. Although this is a relatively simple consumer bankruptcy case, involving a relatively straight-forward dispute between the Debtor and her mortgage holders, the Court's docket reflects that the Debtor has filed 57 motions since she began filing pleadings on her own behalf.[3] Many of these motions are repetitive filings. The orders issued by the Court have merely prompted the Debtor to re-file the same or substantially similar motions without addressing the Court's reasons for the prior denial as stated in the Court's orders.

Moreover, the Debtor's motions are difficult to decipher and filled with inaccuracies. For example, her present Motion to Recuse complains that a "visible" court reporter was not present during hearings, that this Court had *ex parte* communications with opposing counsel because the Court continued with hearings after the Debtor left the courtroom, that this Court "retaliated" against her by denying her numerous requests for continuance, and that is Court failed to hold "required" hearings on all the motions she filed. As the Court explained in an order entered on February 13, 2019 [Docket No. 86], the Court examines the totality of the circumstances when determining whether to grant a continuance and, in this case, the circumstances did not support the Debtor's requests.[4] The Court also entered opinions and orders explaining that the Debtor's

---

[3] This number does not include any of the Debtor's notices of appeal, her statements of issues on appeal, or her designations of the record for her appeals.

[4] Notably, 11 U.S.C. § 362(e)(1) provides that the automatic bankruptcy stay is lifted 30 days after a motion for relief from the stay is filed unless the Court holds a hearing and orders the stay to remain in effect. Thus, a continuance of the April 3rd hearing would not have benefitted the Debtor.

**MEMORANDUM OPINION AND ORDER** 3

various appeals from this Court's orders do not automatically stay her bankruptcy case [Docket Nos. 105, 148, 185, and 211].

The Court has previously explained that a hearing is not "required" every time the Debtor files a motion, as many motions can be decided on the pleadings and the memoranda filed by the parties, and there is no requirement for a hearing on a recusal motion. This Court has also previously explained that the Debtor's decision to leave the courtroom during hearings does not render the remainder of the hearing *ex parte* or "illegal." Furthermore, this Court has not had any *ex parte* contacts with counsel for the mortgage holders. The Debtor's complaint that this Court is biased because counsel for one of the mortgage holders "is an Asian American, like the Judge" is premised on the Debtor's unhappiness with the Court's rulings on the merits.[5] Finally, as this Court has repeatedly informed the Debtor, this Court electronically records hearings as permitted by applicable law, and any party may request a transcript by following local procedures, which are available on the Court's website.

Based on the record, and for the reasons discussed in the Court's prior memorandum opinions and orders denying the Debtor's prior motions for recusal,

**ORDERED** that the Debtor's present Motion to Recuse [Docket Nos. 193 and 199] is **DENIED**.

Signed on 4/12/2019

*Brenda T. Rhoades*    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

---

[5] This Court has previously explained that adverse rulings are not grounds for recusal. Moreover, in order for a judge to be disqualified for bias or prejudice, the bias must stem from an extrajudicial source and result in an opinion on some basis other than what the judge learned in the case. *See United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *United States v. MMR Corp.,* 954 F.2d 1040, 1045 (5th Cir. 1992).